IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAWRENCE P. VEAL,  Plaintiff, | ) ) ) | Civil Action No. 7:13cv00373 |
| v. | ) ) | **MEMORANDUM OPINION** |
| JACK LEE, *et al.*,  Defendants. | ) ) ) | By: Norman K. Moon  United States District Judge |

Lawrence P. Veal, a Virginia inmate proceeding *pro se*, filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants, who are staff of the Middle River Regional Jail ("Jail"), frustrated his access to courts and unlawfully confiscated his property. Presently before me is defendants' motion to dismiss, to which Veal has filed a response. Upon consideration of defendants' motion, I conclude that it must be granted.

I.

On June 2, 2013, defendants Officer Knight and Officer Gregory searched Veal's cell outside of his presence and seized several items of legal mail and personal property. These officers gave the items to defendant Sergeant Marshall, who turned the items over to defendant Major Dull. The relevant items included *Black's Law Dictionary*, more than twenty-five supplements to the Code of Virginia, *The Complete Manual of Criminal Forms*, *Westlaw Criminal Procedures and Post Conviction Remedies*, *The Jail House Lawyers Handbook*, and Veal's "VCIN" document.[1] Veal filed grievances to complain that the officers had read his legal

---

[1] "VCIN" stands for "Virginia Criminal Information Network[, which] functions as a service facility under the management control of the Virginia Department of State Police" for criminal justice agencies. *See Virginia State Police – CJIS VCIN*, VIRGINIA STATE POLICE, http://www.vsp.state.va.us/CJIS_VCIN.shtm (last visited January 30, 2015). "VCIN is available to any department or division of state government meeting the definition of a criminal justice agency as contained in §[]9.1-101, Code of Virginia, any county, city, town, railroad, or college campus police department, special police departments maintained by corporations in Virginia, and to federal criminal justice agencies, subject to the approval of the Superintendent, Department of State Police." *Id.* Veal acknowledges that the Virginia State Police's VCIN report he possessed "forewarn[ed] 'Any unauthorized dissemination will subject the disseminator to criminal and civil penalties.'" Compl. 5.

mail and to demand the immediate return of the publications because he was in the middle of an appeal. Major Dull responded and claimed that, *inter alia*, *The Jail House Lawyer's Handbook* was returned to Veal, but Veal alleges that he never received it back. Major Dull also informed Veal that his VCIN document, which Veal allegedly received from an attorney, was returned to the Virginia State Police. Major Dull further informed Veal that *Black's Law Dictionary*, *The Complete Manual of Criminal Forms*, and fourteen of the twenty-five Code of Virginia supplements were placed "in property." Major Dull further explained in his response that the other seized publications were not returned because their most recent editions were already available in the Jail's law library.

When Veal was transferred from the Jail to a state prison, he realized that none of his seized legal items were forwarded with him to the state prison. Veal argues that defendants violated a First Amendment right to access courts by reading his legal mail outside his presence and confiscating his legal items and violated Fourteenth Amendment rights to receive due process before being deprived of personal property and to equal protection.[2]

## II.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, I apply the pleading standard refined by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See also* Fed. R. Civ. P. 8, 12(b)(6). While the long-held rule still stands that, "in evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to

---

[2] Although Veal also cites the Fifth Amendment for the due process claim, the Fifth Amendment does not apply to the Jail, which is not a federal facility. *See, e.g.*, *Westmoreland v. Brown*, 883 F. Supp. 67, 71 n.4 (E.D. Va. 1995) (noting the Due Process Clause of the Fifth Amendment does not apply when the correctional facility is not a federal facility).

2

the [non-moving party] in weighing the legal sufficiency of the complaint," *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted), the non-moving party must have alleged facts that "state a claim to relief that is plausible on its face," *i.e.*, facts that "have nudged their claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

## III.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, Veal fails to allege facts involving the personal involvement or knowledge by defendants Officer Wolf or Jail Superintendent Lee. Superintendent Lee cannot be held liable merely via *respondeat superior*. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 n.7 (1978). Veal cannot rely on his mere invocation of "supervisory liability" to supplant his responsibility to completely plead the elements of such a cause of action. *See, e.g.*, *Twombly*, 550 U.S. at 555 (noting a plaintiff's basis for relief requires more than labels and conclusions); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Although Veal invokes the phrase "equal protection," he fails to even attempt to set out facts or otherwise describe a claim pursuant to the

3

Equal Protection Clause of the Fourteenth Amendment. Accordingly, claims against Superintendent Lee, against Officer Wolf, or invoking the Equal Protection Clause are dismissed.[3]

While inmates have a constitutional right to reasonable access to courts to challenge their convictions or vindicate their constitutional rights, Veal fails to adequately plead facts to establish such a violation. *See, e.g.*, *Bounds v. Smith*, 430 U.S. 817, 838 (1977). The right of reasonable access to courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Accordingly, in order to plead a backward looking denial of reasonable access to courts claim, a plaintiff must specifically identify a non-frivolous legal claim that a defendant's actions prevented him from litigating. *Id.* at 415-16. This requirement means the "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions . . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." *Godfrey v. Washington Cnty., Va., Sheriff*, No. 7:06-cv-00187, 2007 U.S. Dist. LEXIS 60519, at *39, 2007 WL 2405728, at *13 (W.D. Va. Aug. 17, 2007).

In this case, Veal neither alleges an actual injury attributable to any defendant's conduct, nor describes a meritorious claim underlying the access to courts claim.[4] *See White v. White*, 886

---

[3] I also note that requests for injunctive and declaratory relief are moot about events at the Jail due to Veal's transfer from the Jail to a state facility. *See, e.g.*, *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007). Veal's experiences while in the state facility are not relevant to claims against the defendants. I decline Veal's invitation to construct a conspiracy claim amongst state correctional officials and defendants based on his mere speculation.

[4] Notably, Veal concedes in his response to the motion to dismiss that he "could not in good faith claim actual injury or specific harm in his original complaint . . . for such a claim would have been premature." The fact Veal's attorney allegedly transmitted the VCIN report to Veal does not implicate any attorney-client privilege, and Veal "offers no authority for the proposition that the First Amendment protects an inmate's legal material from

4

F.2d 721, 724 (4th Cir. 1989) (affirming "[t]he district court's view that this complaint should have contained some allegations of adverse consequences [to] allow[] a federal court to avoid becoming embroiled in the endless litigation of abstract dissatisfactions . . . ."). Furthermore, Veal does not dispute that he had access to materials at the Jail's law library, which Veal could have relied upon instead of the few random and outdated items he kept in his cell. Consequently, Veal fails to describe how defendants impeded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts[,]" and this claim is dismissed.[5] *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds*, 430 U.S. at 825).

As for the remaining Fourteenth Amendment claim, Veal argues simply that the defendant correctional officers confiscated his personal property without compensation and without due process. When it is impractical to provide a meaningful hearing prior to an alleged deprivation, the availability of meaningful post-deprivation procedures satisfies the requirements of due process.[6] Consequently, allegations that correctional officials intentionally or negligently deprived an inmate of property do not state any constitutional claim when a meaningful post-deprivation remedy for the loss is available. *Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in irrelevant part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Veal has not described how he lacks a meaningful post-deprivation remedy to recover

---

perusal by a third party. Standing alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right." *Fennell v. Allen*, No. 3:09CV468, 2011 U.S. Dist. LEXIS 59452, at *5-6, 2011 WL2144560, at *2 (E.D. Va. May 31, 2011).

[5] I also note that Veal has no reasonable expectation of privacy so as to be free from the alleged searches. *See, e.g.*, *Florence v. Bd. of Chosen Freeholders*, __ U.S. __, 132 S. Ct. 1510, (2012); *Hudson v. Palmer*, 468 U.S. 517, 525-28 (1984).

[6] The facts alleged about the seizure of materials during a cell search indicate that a pre-deprivation hearing was not practicable. *See, e.g.*, *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434 (1982).

5

the value of the confiscated personal property so as to implicate a federal question. *See, e.g.*, *Wadhams v. Procunier*, 772 F.2d 75, 78 (4th Cir. 1985) (recognizing the Virginia Tort Claims Act and Virginia tort law provide remedies for a deprivation of due process). Accordingly, this claim must be dismissed.[7]

### IV.

For the reasons stated, I will grant defendants' motion to dismiss.

**ENTER**: This  9th  day of February, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[7] While tort claims may be actionable under Virginia law, I lack jurisdiction over a state law claim absent supplemental or diversity jurisdiction, and I decline to exercise supplemental jurisdiction over any state law claim that may be suggested in this matter. *See, e.g.*, 28 U.S.C. § 1367(c).

6